IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARJORIE MURTAGH COOKE,<br><br>        Plaintiff,<br><br>v.<br><br>MARK ROSENKER, CHAIRMAN,<br>NATIONAL TRANSPORTATION SAFETY<br>BOARD<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06-cv-00788-PJF<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S *UNOPPOSED* MOTION TO TRANSFER VENUE**

Plaintiff Marjorie Murtagh Cooke ("Plaintiff"), respectfully submits the following motion to transfer venue as to Plaintiff's Equal Pay Act, 29 U.S.C. § 206(d) ("EPA") claim to the U.S. Court of Federal Claims. Defendant Mark Rosenker, the Chairman and delegated administrator of the National Transportation Safety Board ("Defendant"), has indicated that he does not oppose this motion.

In support of this motion, Plaintiff states as follows:

On October 10, 2006, Plaintiff filed her amended complaint with this Court in which she asserts her claim that Defendant failed to justly compensate her in violation of the EPA when Defendant paid other similarly situated National Transportation Safety Board male directors larger salaries and compensation than Plaintiff for similar work performed between 2003 and 2004. *See* Amended Complaint at paras. 16 - 22. Defendant has not yet filed a responsive pleading in this case.

1

As alleged in the complaint, the difference in salary between Plaintiff and her peers was greater than $10,000.  Therefore, Plaintiff is seeking damages in excess of $10,000.  Pursuant to 28 U.S.C. § 1491, the U.S. Court of Federal Claims has exclusive jurisdiction over any claim against the United States that exceeds $10,000 and that does not sound in tort.  It is apparent then that this Court lacks subject matter jurisdiction over Plaintiff's EPA claim and Plaintiff moves this Court to transfer this action to the Court of Federal Claims.  *See, e.g., Schrader v. Tomlinson*, 311 F.Supp. 2d 21, 26 n.4 (D.D.C., 2004) (upon request by a party, the court will transfer venue for the EPA claim to the Court of Federal Claims where it appears as if the total damages and fees will surpass $10,000).

Pursuant to 28 U.S.C. § 1631,

> [w]henever a civil action is filed in a court… and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

*Id.*

WHEREFORE, Plaintiff moves this Court to grant this *Unopposed* Motion to Transfer to the U.S. Court of Federal Claims.

2

                                                    Marjorie Murtagh Cooke
                                                    By Counsel

_____/s/_____
R. Scott Oswald, D.C. Bar No. 458859
Employment Law Group, P.C.
888 17th Street, N.W.
Suite 900
Washington, D.C. 20006-3307
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October, 2006, the foregoing Plaintiff's Motion to Transfer Venue was served via the Court's electronic case filing system, upon:

    Kathleen Konopka
    Assistant United States Attorney
    Judiciary Center Building
    Civil Division
    555 4th St., N.W.
    Washington, D.C. 20530

                            _____/s/_____
                            R. Scott Oswald